**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Yushkevish Aliaksei,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-03961-PHX-KML (MTM)

**ORDER**

In June 2026, petitioner Yushkevish Aliaksei filed a habeas corpus petition challenging aspects of his re-detention in January 2026 after he was released on immigration parole four years earlier.[1] (Doc. 1 at 7.) Respondents timely responded, arguing that because Aliaksei became subject to a final order of removal on April 28, 2026, his detention was then mandatory under 8 U.S.C. §§ 1231(a)(1)(B)(i) and (a)(2)(A). (Doc. 8 at 3-4.) Shortly after the 90-day mandatory detention period expired, respondents scheduled Aliaksei for removal to Belarus. (Doc. 15.) They later argued and provided some support showing Aliaksei refused to be removed on a commercial flight as scheduled. (Docs. 15; 17; 20; 24-1 at 3-4.) Aliaksei has not responded to any of these pleadings after filing his initial petition and may not have received many of them. (*See* Docs. 11, 18, 21.)

Aliaksei has not met his burden of showing he is entitled to a writ of habeas corpus. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). He filed his

[1] The petition also asserted a conditions-of-confinement claim which was previously dismissed. (Docs. 1 at 7; 4 at 4.)

petition fewer than 90 days after his removal order was final. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

It is unclear whether an alien can raise a colorable claim for release in the period between 90 days and six months, which Aliaksei is now in. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted). Assuming such a claim can be raised, a petitioner must make a strong showing in the 90-day-to-six-month period. *See Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("Within the six-month window, the *detainee* must *prove* the unreasonableness of detention, and courts must accord great deference to Executive Branch determinations based on foreign policy expertise and administrative necessity.").

Aliaksei has not made the strong showing necessary to prove the unreasonableness of his detention given he is still within the six-month presumptively-reasonable period. His failure to controvert respondents' argument that he thwarted their attempt to remove him

is fatal to any claim that his removal is not reasonably foreseeable.[2] An alien claiming his detention has become unconstitutionally prolonged is not entitled to relief if he has refused "to cooperate fully and honestly with officials to secure travel documents from a foreign government." *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003); *see also Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock"). Aliaksei's petition requesting immediate release is therefore denied.

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondents and close this case.

Dated this 23rd day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

[2] To the extent Aliaksei's failure to receive notice of respondents' arguments explains his lack of response, that failure is also attributable to Aliaksei. *See* D. Ariz. LRCiv. 83.3(d) (requiring unrepresented party in custody to submit a notice of a change of address within seven days after the effective date of the change).